**STATE of Indiana, Appellant–Respondent,**

v.

**David Leon JONES, Appellee–Petitioner.**

No. 48A02–0308–PC–723.

Court of Appeals of Indiana.

March 30, 2004.

---

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Susan K. Carpenter, Public Defender of Indiana, Anne–Marie Alward, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

David Jones ("Jones") was granted post-conviction relief in Madison Superior Court. The State appeals, presenting the following dispositive issues for review:

I. Whether a jury instruction created a mandatory presumption entitling Jones to post-conviction relief; and

II. Whether Jones' sentencing enhancements are subject to the double enhancement prohibition of *Ross v. State.*

Concluding the jury instruction at issue does not entitle Jones to post-conviction relief and Jones' sentencing enhancements are not subject to *Ross,* we reverse and remand.

### Facts and Procedural History

On March 11, 1999, Anderson Police Officer William Richardson ("Officer Richardson") noticed Jones stagger down the sidewalk and toss a bottle in a yard. Based upon public intoxication and littering suspicions, Officer Richardson questioned Jones.

During questioning, Jones placed his hands behind his back. Because he feared Jones might be reaching for a weapon, Officer Richardson ordered Jones to keep his hands in front of him. Jones failed to comply. As a result, Officer Richardson frisked Jones and discovered a gun.

When Officer Richardson attempted to remove Jones' gun, a struggle ensued. Jones was able to secure his gun, flee, and enter a private residence in an attempt to hide. The police eventually were able to talk Jones out of the residence, arrest him, and seize his gun.

On March 12, 1999, the State charged Jones with Class A misdemeanor battery, Class D felony resisting law enforcement, Class A misdemeanor trespass, Class D felony receiving stolen property, and Class C felony carrying a handgun without a license. The State subsequently dismissed Jones' trespass and receiving stolen property charges and added a charge of Class D felony residential entry.[1] The State also sought possession of a handgun by a felon and habitual offender sentencing enhancements.

On June 17, 1999, a jury convicted Jones of battery, resisting law enforcement, residential entry, and possession of a handgun without a license. Jones then pled guilty to his two sentencing enhancements. Jones was sentenced to one year for battery, three years for resisting law enforcement, three years for residential entry, and one year for possession of a handgun. Pursuant to his sentencing enhancements, Jones was sentenced to eight years for possession of a handgun by a felon and to twelve years for being an habitual offender. Jones' battery, resisting law enforcement, residential entry, possession of a handgun, and possession of handgun by a felon sentences were ordered to be served concurrently. Jones' habitual offender sentence was ordered to be served consecutively, culminating in a twenty-year sentence executed in the Department of Correction.

Jones appealed his convictions, and this court affirmed. *Jones v. State*, No. 48A05–9910–CR–453, 727 N.E.2d 1130

(Ind.Ct.App. May 3, 2000). On July 26, 2000, Jones filed a petition for post-conviction relief, which was granted on May 30, 2003. The State now appeals.

**Standard of Review**

We review a State's appeal from a grant of post-conviction relief under a clearly erroneous standard. *State v. Dye*, 784 N.E.2d 469, 470–71 (Ind.2003). We neither reweigh the evidence nor judge witness credibility and only consider the probative evidence and reasonable inferences supporting the judgment. *Moore v. State*, 771 N.E.2d 46, 50 (Ind.2002). We reverse only upon a showing of clear error. *Spranger v. State*, 650 N.E.2d 1117, 1119 (Ind.1995). Our inquiry is essentially whether there is any way the post-conviction court could have permissibly reached its decision. *Id.*

**I. Jury Instruction**

Jones contends a jury instruction used at his trial shifted the burden of proving residential entry's element of "breaking" from the State to him and his trial attorney's failure to object to this instruction amounted to ineffective assistance of counsel.

*A. Ineffective assistance of counsel*

To establish a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish two components set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Wesley v. State*, 788 N.E.2d 1247, 1252 (Ind.2003). First, a petitioner must show defense counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. This requires a showing that counsel's representation fell below an objective standard of reasonableness and counsel made errors so serious that counsel was not functioning

---

1. Ind.Code § 35–43–2–1.5 (1992).

as counsel guaranteed by the Sixth Amendment. *Id.* at 687–88, 104 S.Ct. 2052.

Second, a petitioner must show the deficient performance prejudiced his or her defense. *Id.* To establish prejudice, a petitioner must show there is a reasonable probability that, but for the unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. 2052.

### B. Mandatory presumptions

■■■■ The Fourteenth Amendment requires the State to prove every element of an offense beyond a reasonable doubt. *Sandstrom v. Montana,* 442 U.S. 510, 512, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Jury instructions that (1) constitute a direction for the jury to find the State has established an element once convinced of certain predicate facts or (2) shift the burden of proving an element to the defendant violate this requirement. *Sandstrom,* 442 U.S. at 517, 99 S.Ct. 2450; *see also McCorker v. State,* 797 N.E.2d 257, 265 (Ind.2003). The proper inquiry in determining whether an instruction violated this rule is whether there is a reasonable likelihood that the jury applied the instruction in an unconstitutional manner. *Tyler v. Cain,* 533 U.S. 656, 659 n. 1, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) (citing *Estelle v. McGuire,* 502 U.S. 62, 72 n. 4, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)).

■■■■ The instruction at issue stated:

Some physical movement of a structural impediment is necessary to support a finding of a breaking. Opening an unlocked door constitutes breaking, as does pushing open a door which is slightly ajar.

Tr. p. 409. Because the phrase "constitutes breaking" instructs the jury that "breaking" is established if they conclude Jones unlocked or pushed open the door, this instruction is impermissible. *See*

*Sandstrom,* 442 U.S. at 517, 99 S.Ct. 2450 (disapproving of an instruction that constituted a "direction by the court to find [an element] *once convinced of facts triggering the presumption*"); *see also McCorker,* 797 N.E.2d at 265 ("a jury instruction cannot require a jury to find that the State has met its burden of proof on an element."). We note that Judge Vaidik came to the same conclusion regarding a similar instruction, albeit with a slightly different rationale. *Higgins v. State,* 783 N.E.2d 1180, 1189–90 (Ind.Ct.App.2003), *trans. denied* Vaidik, J. concurring.

### C. Federal harmless error

■■■■ A jury instruction that shifts the burden of proving an element to the defendant is subject to federal harmless error. *Yates v. Evatt,* 500 U.S. 391, 402, 111 S.Ct. 1884, 114 L.Ed.2d 432 (1991). An instruction is harmless when a reviewing court concludes the record establishes beyond a reasonable doubt that the error did not contribute to the verdict. *Id.* at 402, 111 S.Ct. 1884. To say that an error did not contribute to the verdict is not to say that the jury was totally unaware of the feature later held to have been error. *Id.* at 403, 111 S.Ct. 1884. Rather, harmless error analysis requires the reviewing court, after reviewing the whole record, to make a judgment concerning the effect of the instruction upon reasonable jurors. *Id.* at 403–04, 111 S.Ct. 1884.

■■■■ The lack of prejudice resulting from the jury instruction at bar can best be demonstrated by distinguishing it from jury instructions disapproved of in Supreme Court cases governing this issue. The jury instruction in the seminal case of *Sandstrom* stated, "the law presumes that a person intends the ordinary consequences of his voluntary acts." *Sandstrom,* 442 U.S. at 512, 99 S.Ct. 2450. Implicit in *Sandstrom's* disapproval of this instruction is the fact that there are a variety of conditions and circumstances ca-

pable of precluding someone from comprehending the ordinary consequences of his or her voluntary actions.[2] *See also Francis v. Franklin,* 471 U.S. 307, 311, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) (concluding "a person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts" to be an impermissible instruction);[3] *Yates,* 500 U.S. at 397, 111 S.Ct. 1884 (concluding an instruction that malice may be presumed by the use of a deadly weapon to be impermissible).[4]

The similarity of the instructions disapproved of in the three above-cited cases is that the underlying facts used to establish the presumptions *are not necessarily conclusive* as to the ultimate establishment of the disputed elements. The same cannot be said for the instruction at bar. Proof that Jones moved the door in the slightest manner—the fact predicating the presumption at issue—indisputably establishes the element of breaking.[5]

In other words, for the instruction at issue to have affected Jones' jury, Jones' jury would have first had to find that Jones moved the door. Such a predicate finding indisputably and irrefutably establishes the breaking element of residential entry, rendering the instruction harmless. *See Griesinger v. State,* 699 N.E.2d 279, 282 (Ind.Ct.App.1998), *trans. denied* (the State need only introduce evidence from which the trier of fact could reasonably infer that the slightest force was used to gain entry).

This point is emphasized by Jones' prejudice argument. Jones states that, "but for the instruction, the evidence could have been viewed to point to an authorized rather than unauthorized entry." Br. of Appellee at 8. "Unauthorized" for purposes of residential entry merely denotes "illegal." *Griesinger,* 699 N.E.2d at 282. Consequently, reference to "authorization" adds nothing to our analysis. Conversely, if Jones is referring to landowner consent when he uses the term "authorization," "consent" is an affirmative defense which *Jones had the burden of proving. See id.*

Although the instruction at issue was improper, the absence of prejudice renders it harmless. Accordingly, Jones did not receive ineffective assistance of counsel.

## II. Sentencing Enhancement

 After Jones was convicted of battery, resisting law enforcement, residential entry, and possession of a handgun on June 17, 1999, he pled guilty to two sentencing enhancements. On May 25, 2000, *Ross v. State* held that a defendant may not receive both an habitual offender and handgun sentencing enhancement. 729 N.E.2d 113, 113 (Ind.2000).

Jones does not challenge this court's previous determination that *Ross* does not

---

**2.** The defendant in *Sandstrom* specifically asserted his personality disorder and alcohol consumption were conditions that precluded him from understanding the consequences of his actions and precluded his ability to form the intent to kill. *Sandstrom,* 442 U.S. at 512, 99 S.Ct. 2450.

**3.** In *Franklin* the defendant specifically asserted that, though he was of sound mind, the surprise from a door having been slammed precluded him from understanding the consequence of his reflex-reaction of squeezing a trigger. *Franklin,* 471 U.S. at 311, 105 S.Ct. 1965.

**4.** In *Yates,* the defendant specifically asserted he had only brought a gun to induce the store cashier to give him money, not to commit the murder he was convicted of (which was the result of his accomplice stabbing the victim to death). *Yates,* 500 U.S. at 395, 111 S.Ct. 1884.

**5.** Jones' movement of the door may have been unintentional; however, "intent" was not affected by the instruction.

apply retroactively. *See Jacobs v. State,* 799 N.E.2d 1161, 1163 (Ind.Ct.App.2003), *trans. pending.* Rather, he notes a conviction becomes final for purposes of retroactivity when the availability of direct appeal has been exhausted and the time for filing a petition for certiorari has elapsed. Br. of Appellee at 9 (citing *State v. Mohler,* 694 N.E.2d 1129, 1133 (Ind.1998)). Thus, Jones contends, because he still had the ability to petition for certiorari from his direct appeal when *Ross* was handed down, *Ross* must be applied.

However, as Jones acknowledges, a conviction becomes final for purposes of retroactivity analysis when the availability of direct appeal has been exhausted. Br. of Appellee at 9. Because Jones pled guilty to both his sentencing enhancements, he forfeited his right to appeal them. *See Brightman v. State,* 758 N.E.2d 41, 44 (Ind.2001) (a defendant may not challenge his guilty plea on direct appeal). Jones' plea, which was entered into well before *Ross'* hand-down date, forfeited his ability to directly appeal his sentencing enhancements and, consequently, to claim relief pursuant to *Ross.*

Jones does not challenge *Jacobs'* determination that *Ross* does not apply retroactively, and Jones' ability to appeal his enhancements terminated well before *Ross'* hand-down date. Accordingly, Jones is not entitled to a retroactive application of *Ross.*

### Conclusion

Jones did not receive ineffective assistance of counsel and is not entitled to retroactive application of *Ross.*

Reversed and remanded.

SHARPNACK, J., and VAIDIK, J., concur.