Joe A. ROBBINS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 03A04–0504–PC–192.

Court of Appeals of Indiana.

Dec. 28, 2005.

Donald J. Dickherber, Columbus, for Appellant.

Steve Carter, Attorney General of Indiana, Mara McCabe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Joe Robbins appeals from the sentence imposed by the trial court after Robbins pleaded guilty to two counts of Child Molesting,[1] a class B felony. In particular, Robbins argues that his sentence violated the rule announced in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and that his sentence is inappropriate in light of the nature of the offense and his character. Finding that Robbins is not entitled to raise a *Blakely* challenge and finding that his sentence is appropriate, we affirm the judgment of the trial court.

1. Ind.Code § 35–42–4–3.

## FACTS

From February to April 1999, Robbins engaged in sexual intercourse with his daughter, C.R., who was under the age of fourteen, on at least two occasions. On August 5, 1999, the State charged Robbins with two counts of class A felony child molesting, and on November 15, 1999, Robbins pleaded guilty to two counts of class B felony child molesting. Robbins's plea agreement was an "open plea" that gave the trial court discretion as to his sentence. Tr. p. 27–28. Following a sentencing hearing, on December 14, 1999, the trial court sentenced Robbins to twenty years on each count of child molesting, which is the maximum possible sentence for a class B felony.[2] The trial court ordered the sentences to run consecutively, totaling forty years of incarceration.

Robbins filed an amended pro se petition for post-conviction relief on July 13, 2000. After the State Public Defender asked for and was granted a stay of proceedings, Robbins filed a pro se motion for modification of sentence on November 6, 2000. He filed a second amended petition for post-conviction relief on June 12, 2001.

On November 9, 2004, our Supreme Court held that an individual who pleads guilty to an offense in an open plea and who challenges the sentence imposed must do so on direct appeal and not by means of a petition for post-conviction relief. *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004). Following *Collins*, the State Public Defender withdrew its appearance on November 19, 2004.[3] On February 10, 2005, Robbins withdrew his petition for post-conviction relief, and on March 7, 2005, Robbins filed a belated notice of appeal.

Robbins is now represented by appointed appellate counsel and appeals the sentence imposed by the trial court on December 14, 1999.

## DISCUSSION AND DECISION

### I. Blakely v. Washington Challenge

Robbins first argues that the sentence imposed by the trial court violates the rule announced in *Blakely v. Washington,* inasmuch as the trial court considered a number of aggravating circumstances that were neither admitted by Robbins nor found by a jury.

■ As we consider this argument, we note that the *Blakely* court applied the rule set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)—"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt"—and found that the sentencing scheme at issue did not pass constitutional muster. *Blakely,* 124 S.Ct. at 2536; *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. "The relevant statutory maximum for *Apprendi* purposes is the maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant." *Blakely,* 124 S.Ct. at 2537.

Our Supreme Court recently addressed the effect of *Blakely* on Indiana's sentencing scheme. *Smylie v. State,* 823 N.E.2d 679 (Ind.2005). The *Smylie* court concluded that portions of Indiana's sentencing scheme as it then existed violated a defendant's Sixth Amendment right to a trial by jury. In order to bring Indiana's sentenc-

---

**2.** Ind.Code § 35–50–2–5.

**3.** For a very recent discussion of the relative roles and responsibilities of county appellate public defenders and the State Public Defend-

er in handling belated appeals of sentences imposed following open pleas, see *Kling v. State,* 837 N.E.2d 502 (2005).

ing scheme into compliance with *Blakely*, courts may use fixed presumptive terms but a jury must find any facts in aggravation. *Id.* at 683–84.

■ The *Smylie* court also considered under what circumstances the *Blakely* rule would have retroactive effect, concluding that it applies retroactively to cases pending on direct review or not yet final at the time that the *Blakely* decision was announced. 823 N.E.2d at 687. A conviction becomes final for purposes of retroactivity analysis when the availability of direct appeal has been exhausted. *State v. Jones*, 805 N.E.2d 469, 475 (Ind.Ct.App.2004).

In the case before us, Robbins was sentenced in 1999. *Blakely* was decided on June 24, 2004, and Robbins filed his belated notice of appeal on March 7, 2005. Thus, Robbins's direct appeal was not pending at the time that *Blakely* was decided.

■ As to whether Robbins's case was "final" when *Blakely* was decided, we note that a timely notice of appeal is filed within thirty days after the entry of a final judgment. Ind. Appellate Rule 9(A)(1). While Robbins still had the option of pursuing a belated appeal at the time that the *Blakely* rule was announced, it is our conclusion that because his right to pursue a timely appeal had lapsed over four years prior to *Blakely*, his case was final for the purpose of retroactivity. Accordingly, we conclude that Robbins is not entitled to raise a *Blakely* challenge because *Blakely* does not apply retroactively to Robbins's case.

## II. Challenges to Sentence

Robbins next argues that the trial court erred in imposing his sentence. In particular, he contends that the trial court erred in failing to consider certain mitigating circumstances and in imposing a sentence that is inappropriate in light of the nature of the offense and his character.

### A. Mitigating Circumstances

■ As we consider Robbins's argument that the trial court erred in failing to consider certain mitigating circumstances, we note that sentencing determinations are within the sound discretion of the trial court, and we will only reverse for an abuse of discretion. *Krumm v. State*, 793 N.E.2d 1170, 1186 (Ind.Ct.App.2003). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

■ Before imposing an enhanced sentence upon the defendant, the trial court must identify aggravating and mitigating circumstances, state the specific reason why each circumstance is aggravating or mitigating, and demonstrate that it has weighed the aggravating and mitigating circumstances and concluded that the aggravators outweigh the mitigators. *Boner v. State*, 796 N.E.2d 1249, 1255 (Ind. Ct.App.2003). A trial court is not obligated to weigh a mitigating factor as heavily as the defendant requests. *Smallwood v. State*, 773 N.E.2d 259, 263 (Ind.2002). A single aggravating factor may support the imposition of both an enhanced and consecutive sentence. *Payton v. State*, 818 N.E.2d 493, 496 (Ind.Ct.App.2004), *trans. denied.*

■ Generally, a defendant who pleads guilty deserves to have some mitigating weight extended to the guilty plea in return. *Widener v. State*, 659 N.E.2d 529, 534 (Ind.1995). But where the defendant reaped a substantial benefit by pleading guilty, the trial court does not abuse its discretion in refusing to consider the guilty plea to be a significant mitigating circumstance. *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind.1999). Here, Robbins was

charged with class A felonies but pleaded guilty to class B felonies. Hence, he reaped a substantial benefit from his guilty plea, and the trial court did not abuse its discretion in declining to consider it as a mitigating circumstance.

Robbins also argues that the trial court should have given greater mitigating weight to the expert testimony of Dr. Ewert, a clinical psychologist who had been treating Robbins in the months leading up to the trial. Dr. Ewert diagnosed Robbins with major depressive disorder and pedophilia. Tr. p. 50–51. Additionally, Dr. Ewert testified that in his opinion, Robbins was at a low risk for recidivism. The trial court concluded that Dr. Ewert's testimony was unreliable, based in part on the court's prior experiences with Dr. Ewert and in part on the fact that Robbins exhibited pedophilic behavior on at least 100 occasions with more than one victim—first his stepdaughter and then his daughter—over the course of eight years. Thus, the trial court evaluated Dr. Ewert's testimony but declined to consider it as a mitigating factor with respect to Robbins's character and likelihood to reoffend. We conclude that the trial court did not abuse its discretion in weighing Dr. Ewert's testimony.

### B. Appropriateness of Sentence

 As we consider Robbins's argument that his sentence is inappropriate, we note that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Neale v. State, 826 N.E.2d 635, 636 (Ind.2005); see also Ind. Appellate Rule 7(B).

As to the nature of the offense, Robbins admitted to a number of facts in the presentence investigation report (PSI).[4] See Chupp v. State, 830 N.E.2d 119, 125 n. 12 (Ind.Ct.App.2005) (holding that failure to object or make any factual challenge to the PSI is tantamount to an admission to the accuracy of the facts contained therein). Among other things, the PSI states that Robbins began molesting C.R. when she was eight or nine years old and that he had intercourse with her on at least two occasions when she was twelve years old.[5] Appellant's App. p. 162. C.R. estimated that Robbins molested her more than 100 times. Id. at 164. Additionally, C.R. describes the following incidents: Robbins tied her arms to the bed with brown straps and sat on her feet to further restrain her while he touched her breasts and vaginal areas; Robbins stabbed her with some sort of blunt instrument because she struggled when he forced her to have intercourse; and Robbins burned her with a candle that he kept in his truck when she threatened to tell someone about the molestation. Id. Given these facts, it is apparent that the nature of the offense more than justifies Robbins's sentence.

As to his character, in addition to the above facts, we observe that the PSI also details Robbins's molestation of his stepdaughter, A.C.[6] Robbins began molesting

---

4. The only facts in the PSI to which Robbins objected relate to his molestation of his stepdaughter, for which charges were pending in another county at the time he was sentenced in this case. We will not include the disputed facts in this opinion.

5. The trial court estimated that Robbins had intercourse with C.R. on approximately eighty different occasions. Tr. p. 107.

6. As noted above, Robbins objected to certain allegations in the PSI relating to A.C. He admitted that he had "sexual contact" with the girl, but denied certain allegations detailing his alleged brutality and physical confine-

thirteen-year-old A.C. in 1991, years before he began molesting C.R. *Id.* Robbins's molestation of A.C. continued for years. Indeed, A.C. gave birth to a baby boy in 1996, and DNA testing confirmed that Robbins was the baby's biological father. *Id.* Robbins describes his relationship with A.C. as "an affair." *Id.* On one occasion, Robbins put ether on a towel and held it up to her nose and mouth to render her unconscious, later admitting that it had occurred but describing the incident as a joke. *Id.* Robbins blames both A.C. and C.R. for his failure to come forward with the molestation, saying that both girls pleaded with him not to tell anyone because they would lose him as a father. *Id.* at 160, 164. He blames the victim, claiming that he wanted to seek help but that C.R. talked him out of it. *Id.* at 160. Robbins's lack of a significant prior criminal history is of no moment, inasmuch as his behavior toward his daughter and stepdaughter make it apparent that his character renders the maximum sentence more than appropriate. In sum, we conclude that the trial court's sentence is entirely appropriate in light of the nature of the offense and Robbins's character.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.

ment of A.C. Tr. p. 39. Thus, while we will accept as undisputed the fact that he molested A.C., we will not consider the details that she provided of their encounters.