**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**DEIDRE R. ELTZROTH**
Assistant Chief Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TAVARIO BASKIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1202-PC-79 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Gene R. Duffin, Senior Judge
Cause No. 20C01-0811-PC-19

**September 18, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Tavario Baskin appeals from the denial of his petition for post-conviction relief, presenting the following restated issue for review: Did Baskin's appellate counsel render ineffective assistance in arguing aggravating and mitigating circumstances when challenging Baskin's sentence upon direct appeal?

We affirm.

The following underlying facts were set out in an unpublished memorandum decision affirming Baskin's sentence upon direct appeal:

> In the early morning hours of March 2, 1996, Baskin was riding in a car with Games Birkhead and Abjul Johnson. Matthew Middleton flagged down their vehicle, displayed money, and asked to purchase drugs. The trio did not have drugs to sell. Baskin, however, exited the vehicle with a handgun and demanded Middleton's money. A brief struggle ensued between Middleton and Baskin over the handgun, which ultimately discharged and struck Middleton in the abdomen. Baskin and his companions fled the scene. Middleton died at the hospital several hours later as a result of the gunshot wound.
>
> On April 9, 1996, the State charged Baskin, as well as Birkhead and Johnson, with murder. Baskin pleaded guilty on September 26, pursuant to a plea agreement in which the State agreed to dismiss a pending charge of robbery, a class A felony, under another cause number. Sentencing was left to the discretion of the trial court. On October 24, 1996, the trial court sentenced Baskin to sixty years in prison. The sentencing order sets forth the following mitigating and aggravating factors:
>
>> The Court finds as mitigating circumstances the Defendant's age and lack of a prior felony conviction. The Court finds as aggravating circumstances the fact that the Defendant was on probation as [sic] the time of the offense; the fact that the Defendant dropped out of school in the tenth grade; the fact that the Defendant used alcohol and drugs; the fact that the Defendant was involved in an armed robbery with injury to victims three (3) days after the murder; and the fact that an illegal handgun was used in the commission of the crime. The Court finds that the aggravating circumstances outweigh the mitigating circumstances.

*Baskin v. State*, No. 20A03-0609-CR-437, slip op. at 2-3 (Ind. Ct. App. Mar. 22, 2007)

(internal footnote and citation to Appendix omitted).

In challenging his sentence upon direct appeal, Baskin argued that the trial court relied upon two aggravating circumstances that were invalid under *Blakely v. Washington,* 542 U.S. 296 (2004). *Blakely* held that a trial court may not enhance a sentence based on additional facts, unless those facts are either (1) a prior conviction; (2) found by a jury beyond a reasonable doubt; (3) admitted by the defendant; or (4) found by the sentencing judge after the defendant has waived *Apprendi* rights[1] and consented to judicial factfinding. Baskin argued upon direct appeal that, because a jury did not find that he was involved in an armed robbery three days after the murder, nor that he used an illegal handgun in committing the murder, those were not valid aggravators.

At the time of his direct appeal, however, it was not yet clear whether the *Blakely* rule applied retroactively to his case. Our Supreme Court indicated in *Smylie v. State*, 823 N.E.2d 679 (Ind. 2005), *cert. denied*, 546 U.S. 976, that *Blakely* applied retroactively to cases pending on direct review or not yet final at the time *Blakely* was announced. Baskin was sentenced in October 1996. *Blakely* was decided on June 24, 2004. Baskin initiated his direct appeal by filing a belated notice of appeal in May 2006. Although acknowledging that his case was not pending on direct review at the time *Blakely* was decided, Baskin argued that it was not final in June 2004 and thus that *Blakely* applied. At that time, there were Court of Appeals opinions supporting either view, *compare Robbins v. State*, 839 N.E.2d 1196 (Ind. Ct. App. 2005) (holding that an appeal was "final" for *Blakely* purposes when the

3

right to pursue a timely appeal had lapsed and that "timely" in this context did not include the prospect of filing a belated appeal under PC–2 rules); *with Boyle v. State*, 851 N.E.2d 996 (Ind. Ct. App. 2006), (rejecting *Robbins* and concluding that a case was not yet final for *Blakely* purposes if a defendant still had the option of filing a belated appeal under Post-Conviction Rule 2 at the time *Blakely* was decided), *vacated*, 848 N.E.2d 435 (Ind. 2007). Our Supreme Court had not yet weighed in on that question. The panel that decided Baskin's direct appeal opted to follow the *Robbins* rationale and held that the aggravators in question did not violate *Blakely* and therefore were not improper. This determination was later vindicated by our Supreme Court in *Gutermuth v. State*, 868 N.E.2d 427 (Ind. 2007).

Upon post-conviction, however, Baskin contends that his direct-appeal counsel's failed challenge under *Blakely* with respect to his involvement in a robbery ignored a different challenge to that same aggravator that would have been successful. Specifically, he claims that under a line of cases represented by *Roney v. State,* 872 N.E.2d 192 (Ind. Ct. App. 2007) *trans. denied*, when the State agrees to dismiss or forego charges in exchange for a guilty plea, the dismissed charge cannot be used as an aggravating circumstance because it circumvents the plea.

Post-conviction proceedings are civil in nature. Therefore, a petitioner must establish his claims by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Hampton v. State,* 961 N.E.2d 480 (Ind. 2012). Moreover, post-conviction procedures do not offer a super-appeal. Instead, "'subsequent collateral challenges to convictions must be based on

---

[1] This refers to the holding in *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000) that a criminal defendant has a right to a jury assessment of any fact that increases the prescribed range of penalties to which he or she is

4

grounds enumerated in the post-conviction rules.'" *Hampton v. State,* 961 N.E.2d at 491 (quoting *Stevens v. State,* 770 N.E.2d 739, 746 (Ind. 2002), *cert. denied,* 540 U.S. 830 (2003)). A petitioner appealing from the denial of post-conviction relief stands in the position of one appealing from a negative judgment. *Hampton v. State*, 961 N.E.2d 480. Therefore, the petitioner must convince us "'that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court.'" *Id.* at 492 (quoting *Stevens v. State,* 770 N.E.2d at 745). Put another way, we must be convinced "that there is *no* way within the law that the court below could have reached the decision it did." *Id.* (quoting *Stevens v. State,* 770 N.E.2d at 745) (emphasis in original). "We review the post-conviction court's factual findings for clear error, but do not defer to its conclusions of law." *Id.*

A claim of ineffective assistance of appellate counsel is evaluated using the standard articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). *Hampton v. State,* 961 N.E.2d 480. In order to establish a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel performed deficiently and the deficiency resulted in prejudice. *Id.* (citing *Strickland*). In applying this standard, we ask whether, in view of all the circumstances, counsel's actions were "reasonable ... under prevailing professional norms." *Strickland v. Washington,* 466 U.S. at 688. Our scrutiny of counsel's performance must be "highly deferential." *Hampton v. State,* 961 N.E.2d at 491 (quoting *Strickland v. Washington,* 466 U.S. at 689). Moreover, even if we deem appellate counsel's performance to be deficient, the petitioner will not prevail unless he or she

exposed, and that such fact must be established beyond a reasonable doubt.

5

demonstrates "a reasonable probability that the outcome of the direct appeal would have been different." *Id.* Finally, the two elements *of Strickland* are separate and independent inquiries. Thus, if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. *Landis v. State,* 749 N.E.2d 1130 (Ind. 2001).

Even accepting the dubious argument that appellate counsel's performance was deficient, we conclude that this would not have altered the outcome of Baskin's appeal. The trial court found as mitigating circumstances Baskin's age and lack of a prior felony conviction. Upon direct appeal, we determined that the trial court erred in failing to mention the fact that Baskin pled guilty, but further observed that the error was harmless "[b]ecause Baskin received a substantial benefit in exchange for his guilty plea, he was entitled to only minimal mitigating weight for it at sentencing." *Baskin v. State*, No. 20A03-0609-CR-437, slip op. at 3. Juxtaposed against these mitigating factors were five aggravators: 1) Baskin was on probation at the time of the offense; 2) he dropped out of school in the tenth grade; 3) he used alcohol and drugs; 4) he used an illegal handgun in committing the murder; and 5) he was involved in an armed robbery after the murder. We will disregard the final aggravator for the sake of this analysis.

As we have observed, Baskin's guilty plea was entitled to little weight. His age – less than one month away from his eighteenth birthday – is entitled to medium weight. The final mitigator was the fact that he had not been convicted of a felony until the present offense. Although this is true, it is also true that by the age of seventeen, Baskin had accumulated what the prosecutor described as "a lengthy juvenile record, which stretched back to the time

6

he was 13 years of age." *Appellant's Appendix* at 112. His juvenile record included a true finding that he committed acts that would constitute the offense of intimidation of a witness, a class D felony if committed by an adult. In fact, he was on probation for that adjudication when he committed the present offense. Under the circumstances, this mitigator is also entitled to little weight.

On the other hand, the four valid aggravators were, in the aggregate, entitled to greater weight. The fact that Baskin dropped out of school is not of significant weight. We note, however, that the fact that a defendant was on probation at the time he or she committed the offense, by itself, has been deemed enough to support a sentence enhancement. *See Sargent v. State*, 875 N.E.2d 762 (Ind. Ct. App. 2007). In Baskin's case, it is a significant aggravating circumstance. The same can be said of the remaining aggravators, both of which involved further illegal activity on Baskin's part. Thus, even had appellate counsel prevailed on an argument resulting in the invalidation of the commission of the additional robbery as a valid aggravating circumstance, such would not have compelled the result that the sixty-year sentence originally imposed was no longer sustainable. In short, there is not a reasonable probability that the outcome of the direct appeal would have resulted in a reversal of Baskin's sentence because the trial court's finding that the aggravating circumstances outweigh the mitigating circumstances would not be appreciably undermined. *See Hampton v. State,* 961 N.E.2d 480. Baskin did not receive ineffective assistance of appellate counsel and the post-conviction court did not err in denying Baskin's petition premised upon that claim.

Judgment affirmed.

BROWN, J., and PYLE, J., concur.