ATTORNEY FOR APPELLANT
Jeffrey D. Stonebraker
Chief Public Defender
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Scott L. Barnhart
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 10S01-0608-CR-306

WARREN GUTERMUTH,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Clark Circuit Court, No. 10C01-9603-CF-021
The Honorable Daniel F. Donahue, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 10A01-0509-CR-410

**June 20, 2007**

**Boehm, Justice.**

Post-Conviction Rule 2 permits belated appeals of criminal convictions and sentences under some circumstances. We hold that this belated appeal of a sentence entered before a new constitutional rule of criminal procedure was announced is not governed by the new rule. Specifically, belated appeals of sentences entered before Blakely v. Washington, 542 U.S. 296 (2004) are not subject to the holding in that case.

## Factual and Procedural Background

On January 7, 1997, Warren Charles Gutermuth pleaded guilty to three counts of class C felony child molesting. The plea was an "open" one, leaving the parties free to argue the length of Gutermuth's sentence. Before accepting the plea, the trial court advised Gutermuth that he would give up the right to appeal his conviction, but Gutermuth was not told that he had a right to appeal his sentence. At the time, the presumptive sentence for a class C felony was four years. No more than four years could be added for aggravating circumstances, and no more than two years subtracted for mitigating circumstances. Ind. Code § 35-50-2-6(a) (1992). At the sentencing hearing on February 21, 1997, the trial court found six aggravating factors: the defendant was in need of correctional rehabilitative treatment that could best be provided by commitment to a penal facility; the imposition of a reduced or suspended sentence would depreciate the seriousness of the offense; there were three separate victims; the defendant was likely to re-offend; the defendant was in a position of trust with respect to the victims; and the defendant lacked remorse. After finding two mitigating factors, the defendant's lack of criminal history and his age of eighty-two years, the trial court sentenced Gutermuth to three consecutive maximum eight-year sentences, with four of the twenty-four years suspended.

Gutermuth did not file a timely appeal.[1] Post-Conviction Rule 2 gives a trial court the power to permit a criminal defendant who did not meet the time requirements for noticing and perfecting an appeal to pursue a "belated" appeal.[2] The trial court is to permit a belated appeal

---

[1] At the time of his conviction and sentencing, appeals were governed by the more cumbersome "praecipe" process. For our purposes this is the same as failure to file a timely notice of appeal under current Appellate Rule 9.

[2] Post-Conviction Rule 2 states in pertinent part:

> An "eligible defendant" for purposes of this Rule is a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal.

> Section 1. Belated Notice of Appeal. Where an eligible defendant convicted after a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court where:

> (a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and

only if it concludes that the failure was not "due to the fault of the defendant" and the defendant was "diligent" in requesting to file permission to file a belated notice of appeal. In the ensuing three years, Gutermuth also failed to avail himself of that remedy.

On July 20, 2000, Gutermuth filed a pro se petition for post-conviction relief under Indiana Post-Conviction Rule 1. He alleged that he had received ineffective assistance of counsel; his guilty plea was not knowing, intelligent, and voluntary; and there was no factual basis for the plea. He raised no challenge to his sentence. A public defender was appointed to assist him, and on December 5, 2002, an amended petition for post-conviction relief was filed. In the amended petition, Gutermuth for the first time raised a sentencing issue. Specifically, he argued that the trial court had considered improper aggravators, erred in its weighing of aggravators against mitigators, and failed to give adequate weight to the mitigating factors. He also contended his sentence was "manifestly unreasonable," which was the standard for appellate review of sentences at that time. On April 22, 2003, the trial court denied relief.

Gutermuth appealed the denial of post-conviction relief, and the Court of Appeals held that Gutermuth's failure to file a direct appeal challenging his sentence did not waive review of his sentence in post-conviction relief proceedings because the trial court had not advised him of the right to appeal his sentence. Gutermuth v. State, 800 N.E.2d 592, 596-97 (Ind. Ct. App. 2003). The Court of Appeals evaluated the merits of Gutermuth's sentencing claims and found no error. It therefore affirmed the trial court's denial of post-conviction relief. Id. at 599. We granted transfer and held that an appeal, not post-conviction relief, is the proper means of raising sentencing errors. We reversed the denial of post-conviction relief and ordered Gutermuth's petition for post-conviction relief to be dismissed without prejudice to any right Gutermuth had to

---

(b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule

The trial court shall consider the above factors in ruling on the petition. Any hearing on the granting of a petition for permission to file a belated notice of appeal shall be conducted according to Section 5, Rule P.C. 1.

If the trial court finds grounds, it shall permit the defendant to file the belated notice of appeal, which notice of appeal shall be treated for all purposes as if filed within the prescribed period.

If the trial court finds no grounds for permitting the filing of a belated notice of appeal, the defendant may appeal such denial by filing a notice of appeal within thirty (30) days of said denial.

file a belated notice of appeal under Post-Conviction Rule 2. <u>Gutermuth v. State</u>, 817 N.E.2d 233, 234-35 (Ind. 2004); <u>see also</u> <u>Collins v. State</u>, 817 N.E.2d 230 (Ind. 2004).

On June 24, 2004, while Gutermuth was in the process of appealing the denial of post-conviction relief, the Supreme Court of the United States decided <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). On March 29, 2005, Gutermuth filed a petition for permission to file a belated appeal, which the trial court granted. Gutermuth then appealed to the Court of Appeals, arguing that his sentence was invalid under <u>Blakely</u>. The Court of Appeals affirmed the trial court's sentence. <u>Gutermuth v. State</u>, 848 N.E.2d 716 (Ind. Ct. App. 2006). We granted transfer to consider whether <u>Blakely</u> applies in belated appeals pursued under Post-Conviction Rule 2. <u>Gutermuth v. State</u>, 860 N.E.2d 588 (Ind. 2006).[3]

## Retroactive Application of <u>Blakely v. Washington</u>

<u>Blakely</u> generated issues under the sentencing laws of many states, including Indiana. Blakely had been given an "exceptional" sentence in a Washington state court based on the trial judge's determination that he had acted with "deliberate cruelty." Under Washington law this was a ground for an upward departure from the "standard range" of sentencing. <u>Blakely</u>, 542 U.S. at 298. A majority of the Supreme Court held that the rule announced in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) applied equally to sentencing. To comply with the Sixth Amendment, juries, not judges, must find beyond a reasonable doubt "any fact that increases the penalty for a crime beyond the prescribed statutory maximum." <u>Blakely</u>, 542 U.S. at 301 (quoting <u>Apprendi</u>, 530 U.S. at 490). For purposes of <u>Apprendi</u>, the "statutory maximum" is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." <u>Blakely</u>, 542 U.S. at 303 (emphasis omitted). Under <u>Blakely</u> a trial court may not enhance a sentence based on additional facts, unless those facts are either (1) a

---

[3] On February 16, 2007, approximately six months after transfer had been granted, Gutermuth filed a "Verified Motion to Dismiss Appeal," contending that any resolution of the issue at hand would have no practical effect on the sentence imposed in Gutermuth's case. Gutermuth stated that he is ninety-three years old, has served his executed sentence, has been released from the Indiana Department of Corrections, and now resides in a nursing home. Both Gutermuth and his counsel asserted that because the proceeding would not result in any relief for Gutermuth it would only result in further expenditure of time and resources for them. Although our ruling will not have an effect on Gutermuth's sentence, his case presents an issue that is of significance to many others and needs to be resolved promptly. It is an issue of "great public interest" that is not mooted by lack of impact on the parties. <u>See</u> <u>In re Lawrance</u>, 579 N.E.2d 32, 37 (Ind. 1991). Thus, his motion is denied.

prior conviction; (2) facts found by a jury beyond a reasonable doubt; (3) facts admitted by the defendant; or (4) facts found by the sentencing judge after the defendant has waived Apprendi rights and consented to judicial factfinding. See Trusley v. State, 829 N.E.2d 923, 925 (Ind. 2005) (citing Blakely, 542 U.S. at 310).

Before 2005, Indiana's sentencing laws established a "presumptive" sentence and a "range" for each class of felony and misdemeanor. A sentence could be enhanced or reduced from the presumptive sentence based on aggravating or mitigating circumstances found by the trial judge. In Smylie v. State, 823 N.E.2d 679 (Ind. 2005),[4] we held that this pre-2005 sentencing scheme violated the Sixth Amendment as explained in Blakely because it provided for an enhanced sentence based on facts neither found by a jury nor admitted by the defendant. Smylie also addressed the question of Blakely's applicability to pre-Blakely sentences. We first noted the well-established rule from Griffith v. Kentucky, 479 U.S. 314, 328 (1987): "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." We then noted that because Blakely reshaped courts' understanding of the term "statutory maximum" it went beyond Apprendi and constituted a new rule for purposes of retroactivity. Smylie, 823 N.E.2d at 687. Accordingly, we held, following Griffith, that "as a new rule of constitutional procedure, we will apply Blakely retroactively to all cases on direct review at the time Blakely was announced." Id. at 690-91. As a matter of grace, we held that "a defendant need not have objected at trial in order to raise a Blakely claim on appeal inasmuch as not raising a Blakely claim before its issuance would fall within the range of effective lawyering." Id. at 691. Finally, we warned that "defendants who did not appeal their sentence at all will have forfeited any Blakely claim." Id. Because Smylie was itself a direct appeal and neither a belated appeal nor post-conviction review, there was no reason to explain

---

[4] The General Assembly responded to the decision in Smylie by changing our state's sentencing statute to replace "presumptive" with "advisory" sentences. We noted this change in a footnote in a recent opinion. We stated that "[w]e apply the version of the statute in effect at the time of Prickett's sentence." Prickett v. State, 856 N.E.2d 1203, 1207 n.3 (Ind. 2006). This language has appeared to cause some confusion. In Prickett, both the crime and the sentencing pre-dated the enactment of the new regime. This was not meant to question the long-standing rule that the sentencing statute in effect at the time a crime is committed governs the sentence for that crime. Smith v. State, 675 N.E.2d 693, 695 (Ind. 1996) (citing Jackson v. State, 257 Ind. 477, 484, 275 N.E.2d 538, 542 (1971)). Because both the crime and the sentencing in Prickett pre-dated the enactment of the new regime, the same statute was in effect at the time of Prickett's sentence and his crime. Had the new statute become effective between the date of Prickett's crime and his sentencing, the version of the statute in effect at the time of Prickett's crime would have applied.

the precise meaning of "direct review" or consider whether an unappealed sentence is "not yet final" by reason of the potential availability of a belated appeal.

Gutermuth has now filed this belated appeal, contending his sentence was invalid based on aggravating circumstances found in violation of Blakely. He contends that Smylie dictated that Blakely would apply to cases on "direct review" at the time Blakely was announced and that his case falls into that category. Gutermuth thus argues that Blakely is retroactive to his belated appeal and compels a reversal of his sentence. The Court of Appeals rejected this argument, finding that Blakely was decided well before Gutermuth filed his belated appeal, so his case was not on "direct review *at the time Blakely was announced*." Gutermuth, 848 N.E.2d at 726 (quoting Smylie, 823 N.E.2d at 690-91). The Court of Appeals nevertheless determined that Blakely applied to Gutermuth's sentence because his sentence was not yet "final" at the time Blakely was decided. Id.

The Court of Appeals cited Griffith for its definition of "final": "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Id. (citing Griffith, 479 U.S. at 321 n.6). The Court of Appeals reasoned that because Gutermuth still had the possibility of pursuing a belated appeal under Post-Conviction Rule 2, his availability of appeal was not yet exhausted. Thus, according to the Court of Appeals, Gutermuth's case was not yet "final" as the term is used in Griffith, and Blakely must be applied retroactively. Id. at 726-27. The Court of Appeals noted that two other panels of that court had reached a different conclusion, finding that a case is "final" for purposes of retroactivity when a defendant's right to pursue a timely appeal has lapsed. Id. at 727-28 (citing Hull v. State, 839 N.E.2d 1250 (Ind. Ct. App. 2005); Robbins v. State, 839 N.E.2d 1196 (Ind. Ct. App. 2005)). The Court of Appeals relied on two cases from its court and our decision in Fosha v. State, 747 N.E.2d 549 (Ind. 2001) to support its reasoning that Blakely was retroactive to Gutermuth's belated appeal. Id. at 726-29 (citing Fosha, 747 N.E.2d at 552; Sullivan v. State, 836 N.E.2d 1031, 1035 (Ind. Ct. App. 2005); Horrall v. State, 673 N.E.2d 526 (Ind. Ct. App. 1996)). After the Court of Appeals entertained Gutermuth's claim regarding improper aggravators on its merits, the court concluded that four of the six aggravating circumstances did not violate Blakely. The remaining aggravators were improper on other grounds. Id. at 734. Gutermuth's sentence was affirmed. Id. at 736. Judge Friedlander dis-

sented, adhering to his view as stated in Robbins that an appeal is "final" for the purposes of Blakely when the right to pursue a timely appeal has lapsed. Id. at 737 (Friedlander, J., dissenting). We resolve the conflict within the Court of Appeals and determine, for the following reasons, that Blakely is not retroactive for Post-Conviction Rule 2 belated appeals.

As an initial matter, we note that retroactivity analysis for belated appeals is not necessarily governed by Daniels v. State, 561 N.E.2d 487 (Ind. 1990). In Daniels, we adopted the rule expressed in Teague v. Lane, 489 U.S. 288 (1989) that a new constitutional rule of criminal procedure is generally not applicable to cases on collateral review. 561 N.E.2d at 488-89. A Post-Conviction Rule 2 belated appeal is not a procedure for collaterally challenging a conviction or sentence; it is not a proceeding separate and distinct from that in which the original judgment was rendered. P-C.R. 2. The purpose of Post-Conviction Rule 2 is to provide a procedure for appellate review of convictions and sentences for defendants who meet the lack of fault and diligence requirements set forth in the rule. It is, however, as its name states, a "post-conviction" procedure, available only to those whose convictions and sentences have otherwise become final.

Because Griffith set forth the extent to which state and federal courts would be obliged to apply a new federal constitutional rule, we assume the meaning of "final" as explained in Griffith is itself a question of federal law. As stated above, the Supreme Court of the United States has said "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." Griffith, 479 U.S. at 328. Thus, we must evaluate whether a belated appeal pursuant to Post-Conviction Rule 2 is either "pending on direct review" *or* "not yet final" for purposes of Griffith.

Smylie dictates that Blakely will apply retroactively to all cases on "direct review" at the time Blakely was decided. 823 N.E.2d at 690-91. Post-Conviction Rule 2(1) states a belated notice of appeal "shall be treated for all purposes as if filed within the prescribed period." This could be interpreted to mean that a belated appeal, once filed, initiates a new "direct review" of the defendant's claim, as though the trial had taken place and been appealed in a timely manner. We take it to mean something slightly different. A belated appeal is treated as though it was filed within the time period for a timely appeal but is subject to the law that would have gov-

7

erned a timely appeal. We have on one occasion expressed this view. In Mathews v. State, 824 N.E.2d 713, 717 (Ind. Ct. App. 2005), a defendant was sentenced in 1994 and filed a belated appeal pursuant to Post-Conviction Rule 2. The defendant's belated appeal challenged the trial court's enhancement of his sentence, among other things. On transfer, when addressing the defendant's enhanced sentencing claim, we stated that the sentence "was imposed in 1994, long before Blakely v. Washington, 542 U.S. 296 (2004) and Smylie v. State, 823 N.E.2d 679 (Ind. 2005) and is not subject to those cases." Mathews v. State, 849 N.E.2d 578, 589 (Ind. 2006).

We recognize that Fosha v. State, 747 N.E.2d 549, 552 (Ind. 2001) supports the view that Blakely is retroactive for purposes of Post-Conviction Rule 2. Fosha stated that a belated notice of appeal "initiates" a direct appeal and "our rule that precludes retroactive application of new criminal rules to collateral proceedings does not apply to direct appeals brought pursuant to Post-Conviction Rule 2." Fosha, however, presented an unusual timeline of events. In Fosha, the defendant filed a Post-Conviction Rule 2 belated appeal on August 6, 1999. Id. On October 1, 1999, less than two months after Fosha filed his belated appeal, this Court decided Richardson v. State, 717 N.E.2d 32 (Ind. 1999). Fosha contended that his convictions violated the Indiana Double Jeopardy Clause under the actual evidence test enunciated in Richardson. Id. at 551-52. The State argued that Richardson did not apply retroactively, but we considered the defendant's Richardson claim, finding that the defendant's direct appeal was initiated on the date he filed his belated notice of appeal. Id. at 552. Gutermuth's appeal was not pending "at the time" Blakely was announced, but Fosha's belated appeal was pending at the time Richardson announced the new rule he sought to invoke. Fosha, unlike Gutermuth, pursued his belated appeal *before* a new rule of criminal procedure was announced. We do not believe this distinction makes a difference, however. For the reasons explained below, we hold that belated appeals, regardless of whether initiated before or after a new rule of criminal procedure is announced do not constitute "direct review" for purposes of Griffith.[5] To the extent Fosha holds otherwise, it is overruled.

---

[5] A similar timeline of events to Fosha was recounted in Cornell v. Jeffries, No. 2:05-CV-948, 2006 WL 2583300, at *21 (S.D. Ohio Sept. 7, 2006): "[Defendant] was sentenced in December 2003, long before Blakely. The state appellate court granted his January 28, 2004, motion for delayed appeal (filed prior to Blakely), and affirmed the judgment of the trial court on October 6, 2004, after Blakely." The Southern District of Ohio concluded that the defendant's claim that his sentence violated Blakely was without merit because Blakely was not retroactive to his case for purposes of Griffith. Id. at *21-*22.

The parties to a belated appeal should not receive a different result because new law has been handed down that would not have been available if a timely appeal had been taken. Belated appeals are filed by defendants who have been diligent in requesting permission to file belated notices of appeal and have no fault in failing to file a timely notice of appeal. P-C.R. 2(1)(a), (b). If they have been found faultless and diligent, they should not be penalized for filing a belated appeal. See Gallagher v. State, 274 Ind. 235, 239, 410 N.E.2d 1290, 1292 (1980) ("[T]he Equal Protection Clause of the United States Constitution prevents a state from imposing a more rigorous standard on petitioners seeking a belated appeal than on those seeking a timely appeal."). But they also should not be rewarded for their delay. Allowing a Blakely claim that would have been unavailable in a timely appeal would do just that. To the extent the potential for a change in the law creates an incentive to do nothing and hope for the best, that too is an undesirable effect of permitting a new rule to apply in a belated appeal. We conclude that a belated appeal does not initiate "direct review" as that term is used in Griffith.

We now turn to the issue of "finality." According to Griffith, a case is "final" when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." 479 U.S. at 321 n.6 (citing United States v. Johnson, 457 U.S. 537, 542 n.8 (1982)). Some panels of the Court of Appeals have determined that cases are not yet "final" if defendants have the opportunity to pursue belated appeals pursuant to Post-Conviction Rule 2. See, e.g., Baysinger v. State, 854 N.E.2d 1211, 1214 (Ind. Ct. App. 2006); Meadows v. State, 853 N.E.2d 1032, 1035 (Ind. Ct. App 2006). We disagree. The quoted explanation of "final" from Griffith applies to cases that are in some active stage of litigation. Except in a peculiar sense, the time for a petition for certiorari to the U.S. Supreme Court has not "elapsed" in the case of a petitioner who never appealed in the first place. Moreover, because there is no procedure in federal courts similar to the belated appeal allowed in this state and several others, we think the Supreme Court contemplated a conventional appeal in describing when a case becomes "final."

For all these reasons, we think that a defendant's case becomes "final" for purposes of retroactivity when the time for filing a timely direct appeal has expired. This conclusion recognizes the importance of finality without sacrificing fairness. It also furthers the purpose of allowing belated appeals because a faultless and diligent defendant can pursue claims that would have

9

been available if they filed a timely appeal. At the same time, cases will not remain perpetually "not yet final" for purposes of Griffith. Other jurisdictions have also taken the view that convictions become "final" under Griffith when the ability to file a direct appeal as of right has expired. See Wheeler v. Jones, 226 F.3d 656, 660 (6th Cir. 2000) ("[I]f [the defendant's] position were adopted, state court judgments would never attain finality because they would always be subject to reconsideration on a motion for a delayed appeal."); Cornell v. Jeffries, No. 2:05-CV-948, 2006 WL 2583300 (S.D. Ohio Sept. 7, 2006). A new rule that creates an opportunity for error that did not exist under prior law inevitably creates a class of incarcerated defendants who, if the new rule had been in place, would have a claim for appellate relief. Drawing the line at those who are in the normal direct appellate process is no less arbitrary than drawing it to exclude those whose convictions pre-dated the new rule. Moreover, in order to preserve a Blakely claim, Smylie requires only that a sentencing claim has been presented and permits defendants to raise a Blakely claim even if they failed to preserve it in the trial court. Although Griffith permits anyone in the appellate process to benefit from the new rule, it did not abolish the standard requirements that the issue have been preserved at trial and raised on appeal. Smylie, 823 N.E.2d at 688. The Griffith doctrine is grounded in the notion of fairness that relief should be available to all who sought it, regardless of which of many litigants is the first to succeed at the appellate level. But post-Blakely belated appeals are not passengers on later cars in the train; they are efforts to get on the train after it has left the station. In sum, we conclude that Blakely is not retroactive for Post-Conviction Rule 2 belated appeals because such appeals are neither "pending on direct review" nor "not yet final" under Griffith.

## Conclusion

We summarily affirm the decisions of the Court of Appeals finding that Gutermuth's sentence was not inappropriate in light of the nature of the offense and his character and finding that the trial court properly weighed the aggravators and mitigators in the case. Ind. Appellate Rule 58(A). We also affirm the trial court's sentence.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.