ATTORNEY FOR APPELLANT
Christina Rose Klineman
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

In the

# Indiana Supreme Court

No. 49S04-0706-CR-243

DAVID BOYLE,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49G03-9203-FC-163760
The Honorable John Barney, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A04-0507-CR-369

**June 20, 2007**

**Boehm, Justice.**

On January 23, 1995, David R. Boyle pleaded guilty to one count of class A felony burglary, one count of class A felony criminal deviate conduct, and one count of class A felony attempted rape. Pursuant to the plea agreement, the court was free to determine Boyle's sentence but could not impose executed time in excess of thirty-five years. Before accepting the plea, the trial court advised Boyle that he would give up the right to appeal his conviction, but Boyle was not told that he had a right to appeal his sentence.

At the time of Boyle's crime, the presumptive sentence for a class A felony was thirty years. No more than twenty years could be added for aggravating circumstances, and no more than ten years subtracted for mitigating circumstances. Ind. Code § 35-50-2-4 (1992). At the sentencing hearing on March 3, 1995, the trial court found planning, or premeditation, and the degree of injuries as aggravating circumstances and minimal criminal history as a mitigating circumstance. After finding that the aggravating factors outweighed the mitigating factor, the trial court sentenced Boyle to three concurrent forty-five year sentences, with ten of those years suspended.

Boyle did not file a timely appeal. On August 13, 1997, Boyle filed a pro se petition for post-conviction relief. He alleged only double jeopardy, denial of due process, and ineffective assistance of counsel. He raised no challenge to his sentence. On September 17, 2003, over six years later, Boyle filed a motion to correct erroneous sentence, in which he alleged that his sentence was manifestly unreasonable, he received ineffective assistance of counsel, there was prosecutorial misconduct, and the trial judge was prejudiced toward him. The motion was denied on the ground that Boyle was required to pursue these claims by "a petition for post-conviction relief." On December 10, 2003, Boyle, still pro se, amended his petition for post-conviction relief. He alleged that his plea was not knowing, intelligent, and voluntary and also alleged ineffective assistance of counsel, prosecutorial misconduct, and trial judge prejudice. A public defender was appointed to assist him, and on December 7, 2004, he filed a motion to withdraw the petition for post-conviction relief without prejudice and requested permission to file a belated appeal under Post-Conviction Rule 2. It appears that the trial court granted the motion to withdraw the petition for post-conviction relief without prejudice but denied the petition to pursue a belated appeal. This likely caused confusion because Boyle then filed a motion to appoint counsel at local expense to represent [Boyle] in belated direct appeal proceedings, which was granted by the trial court. Boyle then filed a second motion to file a belated notice of appeal, which was also granted by the trial court.

Boyle appealed to the Court of Appeals, arguing that his sentence was invalid under Blakely v. Washington, 542 U.S. 296 (2004) because the sentence was based on aggravating factors that were neither admitted by the defendant nor found by the jury. The Court of Appeals first addressed the applicability of Blakely to Boyle's Post-Conviction Rule 2 belated appeal.

Boyle v. State, 851 N.E.2d 996, 1006 (Ind. Ct. App. 2006). It noted that another panel of the Court of Appeals had recently held that Blakely claims were available in a defendant's Post-Conviction Rule 2 belated appeal challenging his pre-Blakely sentence. Id. (citing Gutermuth v. State, 848 N.E.2d 716, 728 (Ind. Ct. App. 2006)). The court held that because Boyle, like Gutermuth, still had the availability of a belated appeal when Blakely was announced, his case was "not yet final" when Blakely was decided. Id.

The Court of Appeals then addressed the merits of Boyle's Blakely claim and determined that some of the facts supporting the "planning" and "degree of injuries" aggravating factors were neither admitted nor stipulated by Boyle. The Court of Appeals held that because it was left with one "partially problematic" aggravating factor, one "impermissible" aggravating factor, and one valid mitigating factor, Boyle's enhanced sentences were improper. Id. at 1008. It reversed and remanded to the trial court for resentencing and thus found it unnecessary to entertain Boyle's Appellate Rule 7(B) appropriateness claim. Id.

For the reasons explained in Gutermuth v. State, No. 10S01-0608-CR-306, ___ N.E.2d ___ (Ind. June 20, 2007), also decided today, Blakely does not apply to a Post-Conviction Rule 2 belated appeal challenging a pre-Blakely sentence. Accordingly, a Blakely claim was not available to Boyle in this appeal.

The Court of Appeals noted that Boyle asserted a claim that his sentence was inappropriate in light of his character and the nature of the offense under Indiana Appellate Rule 7(B). Boyle, 851 N.E.2d at 1008. Boyle's brief cites the general rule that an appellate court has the constitutional authority to review and revise sentences if the sentence imposed is inappropriate in light of the character of the defendant and the nature of the offense. However, the brief does not set forth any reasons why we should conclude that Boyle's character or the nature of his offense warrants the use of the power to review and revise his sentence. Accordingly, we affirm the trial court.

## Conclusion

Transfer is granted, and the trial court's sentence is affirmed.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.