ATTORNEY FOR APPELLANT
Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

In the

# Indiana Supreme Court

No. 71S03-0706-CR-242

BRYANT T. ROGERS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the St. Joseph Superior Court, No. 71D02-0109-CF-00398
The Honorable John M. Marnocha, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 71A03-0603-CR-134

**June 20, 2007**

**Boehm, Justice.**

On March 27, 2002, Bryant T. Rogers pleaded guilty to one count of class A felony attempted robbery. The plea agreement set Rogers's minimum sentence at twenty-five years, and the parties were permitted to argue the other terms of the sentence. The plea agreement stated, "the Defendant will be giving up . . . the right to appeal the conviction and sentence to the Indiana Court of Appeals and the Indiana Supreme Court." Before accepting the plea, the trial court advised Rogers that he would give up the right to appeal his conviction, but Rogers was not told that he had a right to appeal his sentence.

At the time of Rogers's crime, the presumptive sentence for a class A felony was thirty years.  No more than twenty years could be added for aggravating circumstances, and no more than ten years subtracted for mitigating circumstances.  Ind. Code § 35-50-2-4 (2000).  At the sentencing hearing on April 29, 2002, the trial court found four mitigating factors:  Rogers's remorse, his guilty plea, his age, and his contacts with family and friends in the community.  It then found five aggravating factors:  the nature and circumstances of the offense, the use of a handgun during the offense, Rogers's juvenile adjudication for resisting law enforcement, the fact that Rogers was on probation through juvenile court at the time of the offense, and Rogers's expulsion from high school for threatening a person.  After finding that the aggravators outweighed the mitigators, the trial court sentenced Rogers to forty-four years.

Rogers did not file a timely appeal.  On November 29, 2005, Rogers petitioned to file a belated notice of appeal under Post-Conviction Rule 2, which the trial court granted.  Rogers argues that (1) the trial court abused its discretion in sentencing him because the sentencing statement was defective, the record does not support the trial court's finding of aggravating circumstances, and the mitigating circumstances offset the aggravating circumstances and that (2) his sentence is invalid under Blakely v. Washington, 542 U.S. 296 (2004) because the sentence was based on aggravating factors that were neither admitted by the defendant nor found by a jury.  The Court of Appeals held that the trial court did not abuse its discretion in sentencing Rogers and that Rogers's sentence was valid under Blakely because one of the two aggravating factors used to enhance Rogers's sentence was admitted by Rogers.  Rogers v. State, 860 N.E.2d 929 (Ind. Ct. App. 2007) (unpublished).  The Court of Appeals entertained Rogers's Blakely claim without discussing whether Blakely applied to Rogers's Post-Conviction Rule 2 belated appeal.

We agree with the outcome that the Court of Appeals reached but grant transfer to address the applicability of Blakely to Rogers's belated appeal.  For the reasons explained in Gutermuth v. State, No. 10S01-0608-CR-306, ___ N.E.2d ___ (Ind. June 20, 2007), also decided today, Blakely does not apply to a Post-Conviction Rule 2 belated appeal challenging a pre-Blakely sentence.  Accordingly, Rogers's Blakely claim presents no issue in this appeal.  We summarily affirm the Court of Appeals as to the remaining issues.  Ind. Appellate Rule 58(A).

**Conclusion**

Transfer is granted, and the trial court's sentence is affirmed.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.