**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 25 2013, 9:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES KINGERY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1204-CR-317 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila Carlisle, Judge
Cause No. 49G03-9302-CF-17408

**January 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Charles Kingery appeals the denial of his motion to resentence him for murder[1] when the trial court resentenced him for Class C felony robbery.[2] He asserts he was entitled to be resentenced for murder in accordance with the Sixth Amendment constraints announced in *Blakely v. Washington*, 542 U.S. 296 (2004), *reh'g denied*, and *Smylie v. State*, 823 N.E.2d 679 (Ind. 2005), *cert. denied* 546 U.S. 976 (2005). As Kingery's direct appeal of his murder conviction and sentence was final more than eight years before *Blakely* was decided, the trial court was not obliged to resentence Kingery for murder. We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

Around 3:00 a.m. on April 2, 1991, George Wildrick was sitting in his truck outside the Goldfinger Lounge. Kingery fired three shots, killing Wildrick. Kingery then pulled Wildrick from his truck and took money from his body. The State charged Kingery with murder, felony murder, and robbery. A jury found Kingery guilty of murder and Class A felony robbery. The trial court entered convictions of murder and Class B felony robbery and then imposed a fifty-five year sentence for murder and a fifteen-year sentence for Class B felony robbery, with the two sentences to be served consecutively.

Kingery filed a direct appeal alleging a number of errors including that his sentences were invalid. The Indiana Supreme Court held:

> We affirm the murder conviction, the murder sentence, and Kingery's conviction on the lesser included offense of Class C robbery. However, because the trial court improperly sentenced Kingery for Class B robbery, we vacate the Class B robbery sentence and remand for a new sentencing on the Class C robbery conviction.

[1] Ind. Code § 35-42-1-1.
[2] Ind. Code § 35-42-5-1.

*Kingery v. State*, 659 N.E.2d 490, 491 (Ind. 1995).

Rather than proceed to sentencing for Class C felony robbery, Kingery filed a petition for post-conviction relief in which he asserted he was entitled to a new trial on both the murder and robbery charges because his trial counsel was ineffective. After six evidentiary hearings, the post-conviction court denied his petition in an order that contained lengthy findings and conclusions. We affirmed. *Kingery v. State*, No. 49A02–0806–PC–478 (Ind. Ct. App. 2008), *trans. denied.*

Following his unsuccessful post-conviction petition, Kingery petitioned in 2011 to be sentenced for the lesser-included Class C felony robbery, to be resentenced for murder, and for a jury trial as to aggravators pursuant to *Blakely*, 542 U.S. 296, and *Smylie*, 823 N.E.2d 679. The State objected to Kingery's request to be resentenced for murder. The court granted Kingery's motion to be resentenced as to robbery, but denied his motion as to the murder sentence:

6.     The Indiana Supreme Court's decision on direct appeal does not support the Defendant's contention that he is entitled to be resentenced on the Murder count as well as the Robbery/FC count. With respect to re-sentencing, the Supreme Court stated:

"Kingery's conviction and sentence for murder is affirmed. Kingery's conviction for Class C robbery as a lesser included offense of Class A robbery is affirmed. Because the trial judge improperly sentenced Kingery for Class B robbery, we vacate and remand for a new sentencing on the Class C robbery conviction[.]" *Kingery v. State*, 659 N.E.2d 490, 498 (Ind. 1995)[.]

7.     The Defendant's motion to vacate the sentence on the Murder count is DENIED. The sentence of fifty-five years on Count I, Murder will not be vacated and that sentence will stand, as it was a final determination

3

by the Indiana Supreme Court in 1995.

8.     The Defendant is entitled to a re-sentencing hearing on Count II, Robbery, as a Class C felony. Since the Robbery re-sentencing did not occur as originally directed in 1995, it is this Court's opinion that this count has been "pending" since that time. As such, his sentence would be subject to a direct review after the re-sentencing hearing, and therefore he should receive the benefit of the decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L.E.2d 403 (2004) and *Smylie v. State*, 823 N.E.2d 679 (Ind. 2005).

9.     Accordingly, the established *Blakely* rules would apply as outlined in *Smylie*. That is, if the defendant's robbery sentence is in excess of the presumptive sentence for any reason other than a prior conviction, he would be entitled to a jury trial on the aggravating circumstances which are used to increase that sentence.

10.    Therefore, the Court GRANTS the Defendant's motion for resentencing on the Class C felony Robbery count and for a jury trial if an aggravated sentence is pursued by the State of Indiana. Specifically, if the State of Indiana seeks a sentence above the presumptive sentence on the Robbery/FC, the Defendant would be entitled to a jury trial on any aggravating circumstances which are used to increase that sentence.

(App. at 392.) The State elected to not present evidence as to aggravators, and the court did not impanel a jury. The court imposed the four-year presumptive sentence for a Class C felony and ordered it served concurrent to the fifty-five year sentence Kingery was serving for murder.

## DISCUSSION AND DECISION

Kingery claims the trial court should have granted his request to be resentenced for murder because his sentence for murder was "not final" before the sentencing changes produced by *Blakely* and *Smylie*. (Br. of Appellee at 7.) We disagree.

In *Blakely*, the United States Supreme Court held the Sixth Amendment required a

4

jury find beyond a reasonable doubt any fact used to aggravate a sentence beyond "the maximum [a judge] may impose *without* any additional findings." 542 U.S. at 303-04 (emphasis in original). Then, in *Smylie*, our Indiana Supreme Court evaluated the constitutionality of Indiana's presumptive sentencing scheme in light of *Blakely*. The Court held

> portions of Indiana's sentencing scheme violate the Sixth Amendment's right to trial by jury, and that the new rule of *Blakely* should apply to all cases pending on direct review at the time *Blakely* was announced in which the appellant has adequately preserved appellate review of the sentence.

*Smylie*, 823 N.E.2d at 681-82. The court concluded "it is appropriate to be rather liberal in approaching whether an appellant and her lawyer have adequately preserved and raised a *Blakely* issue." *Id*. at 690.

Nevertheless, the court limited "the application of *Blakely* to any case pending on direct review . . . subject to the standard rules governing appellate procedure such as waiver and forfeiture." *Id*. at 688. Because the holding would apply only to cases "on direct review," *id.*, *Blakely* claims may not be raised in belated appeals. *Gutermuth v. State*, 868 N.E.2d 427 (Ind. 2007).

Kingery asserts he is entitled to be resentenced for murder based on our court's language in *Kline v. State*, 875 N.E.2d 435, 438 (Ind. Ct. App. 2007), wherein we held a defendant's sentences for four crimes that occurred between 1992 and 1997 were erroneous because the restitution order required Kline "to pay undetermined future expenses" for counseling for his crime victims. The parties argued whether resentencing should occur

5

pursuant to the statutory scheme that existed when he committed his crimes or pursuant to the law established in *Blakely*. We held:

> [O]ur Supreme Court has decided *Blakely* claims may not be raised in belated appeals. *Gutermuth v. State*, 868 N.E.2d 427 (Ind. 2007). However, *Gutermuth* does not tell us whether the trial court must comply with *Blakely* when resentencing a pre-*Blakely* conviction.
> We believe *Gutermuth* is distinguishable. Kline did not file a belated appeal for the purpose of taking advantage of the new rule in *Blakely*. He raised other valid claims, which resulted in his case being remanded for resentencing in a post-*Blakely* world. If Kline must be resentenced, we see no reason why the trial court should not comply with the current state of constitutional law. Therefore, on remand, the trial court may not enhance Kline's sentence based on additional facts "unless those facts are either (1) a prior conviction; (2) facts found by a jury beyond a reasonable doubt; (3) facts admitted by the defendant; [or] (4) facts found by the sentencing judge after the defendant has waived *Apprendi* rights and consented to judicial factfinding." *Robertson v. State*, 871 NE.2d 280, 286 (Ind. 2007).
> This case is remanded for resentencing in accordance with this opinion and the terms of the original plea agreement.

*Id.* Kingery asserts that he, like Kline, should receive the benefit of being resentenced in a post-*Blakely* world.

As to the robbery count that was remanded for resentencing, sentencing in accordance with the protection of *Blakely* is precisely what Kingery received. The trial court determined the State, if it wished to obtain a sentence longer than the four-year presumptive sentence for Class C felony robbery that existed when Kingery committed his crimes, would be required to prove aggravators to a jury. (*See* App. at 392.) The State elected to forego proving aggravators, and the court sentenced Kingery to four years for his Class C felony robbery.

Because his murder conviction and sentence were part of the same underlying cause as the robbery for which he was to be resentenced, Kingery asserts his sentence for murder was

6

not "final," (Br. of Appellee at 7), and thus he should be resentenced for murder in accordance with *Blakely* and *Smylie*. However, a defendant's case becomes "final," for purposes of raising a right to have a sentence overturned pursuant to *Blakely*, when the time for filing a timely direct appeal has expired. *Guttermuth*, 868 N.E.2d at 434. As Kingery was convicted nearly twenty years ago, his right to file a direct appeal expired long ago. *See* Ind. Appellate Rule 9 (providing right to direct appeal forfeited if notice of appeal not filed within thirty days of entry of final judgment).

Furthermore, when deciding Kingery's direct appeal, our Indiana Supreme Court said: "We affirm the murder conviction, the murder sentence, and Kingery's conviction on the lesser included offense of Class C robbery . . . and remand for a new sentencing on the Class C robbery conviction." *Kingery*, 659 N.E.2d at 491. That instruction did not give the trial court discretion to resentence Kingery for murder.[3] *See Jordan v. State*, 631 N.E.2d 537, 538 (Ind. Ct. App. 1994) ("a trial court does not have the authority to disregard the mandate of a reviewing court").

For all these reasons, we cannot find error in the trial court's refusal to resentence Kingery for murder. Kingery does not challenge the sentence imposed for Class C felony robbery, and we affirm.

Affirmed.

ROBB, C.J., and PYLE, J., concur.

---

[3] That Supreme Court instruction regarding remand also makes Kingery's situation distinguishable from from the facts in the other case on which Kingery relies, *Owens v. State*, 897 N.E.2d 537, 540 (Ind. Ct. App. 2008).